

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00163-CR
No. 07-23-00164-CR

**BIJAN MAURAY WOLRIDGE, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 21st District Court
Lee County, Texas
Trial Court Nos. 9151 & 9152, Honorable Carson Campbell, Presiding

October 19, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California*.[1] In 2019, pursuant to a plea agreement, Appellant, Bijan Mauray Wolridge, was convicted of assault family violence, enhanced, in trial court cause number 9151, and of assault causing bodily injury, enhanced, in trial court cause number

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

9152.[2]  Punishment was assessed at ten years' confinement in each case plus a fine of $750, suspended in favor of ten years' community supervision.  Two years later, the State filed an amended motion to revoke community supervision for numerous alleged violations of the conditions thereof.  At a hearing on the State's motion, Appellant entered pleas of not true to all of the allegations.  Based on the evidence presented, the trial court found two of the allegations to be true, revoked community supervision, and sentenced Appellant to ten years' confinement in each case to be served concurrently.[3]

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the records, and in his opinion, they reflect no potentially plausible basis for reversal of Appellant's convictions.  *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Counsel candidly discusses why, under the controlling authorities, the records support that conclusion.  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[4]  By letter, this Court granted Appellant an opportunity to

---

[2] TEX. PENAL CODE ANN. §§ 22.01(b)(2)(B), 22.01(a)(1), 12.42(d).

[3] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001.  Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

[4] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days

exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did file a response alleging potential errors in the State's failure to comply with a discovery request, denial of his motion for continuance, due process violations, and bias by the trial judge against him and his counsel. The State did not favor this Court with a response.

## BACKGROUND

Less than one year after the 2019 plea agreement, the State gave Appellant notice of alleged violations of the conditions of community supervision. He was arrested and the State filed a motion to revoke in October 2020. Appellant was granted a jail release order with additional conditions. The jail release order was later amended.

In July 2021, the State filed an amended motion to revoke, and Appellant was again arrested and granted a jail release order which required him, among other conditions, to obtain a drug patch and continue "MHMR treatments, recommendations, medications, and appointments." Appellant did not comply, and his bond was revoked. He failed to show for a scheduled court date in November 2021 and was not arrested until December 2022 because he had absconded.

After several attorneys were permitted to withdraw over the course of the case, new counsel was substituted to represent Appellant on the amended motion to revoke. In February 2023, counsel filed a *Motion for Discovery and Inspection of Evidence*

---

after this opinion is handed down, send Appellant a copy of the opinion and judgments together with notification of his right to file a pro se petition for discretionary review. *Id.* at 408 n.22, 411. The duty to send the client a copy of this Court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

requesting a multitude of items. Counsel also filed a motion for continuance alleging his discovery requests had not been fulfilled.

At the commencement of the revocation hearing, defense counsel announced not ready based on his discovery requests not being met. The State explained it did not have some of the items requested and that others could have been obtained by defense counsel on his own accord. After a lengthy back-and-forth over discovery issues, the trial court denied the motion for continuance and proceeded with the hearing, to counsel's chagrin.

After Appellant entered his pleas of not true, the State presented a sole witness— the supervisor of the community supervision department who was also the custodian of records.[5] During direct examination, he testified over numerous objections that Appellant did not complete a substance abuse evaluation and had never enrolled in a Batterers Intervention Prevention Program (BIPP), which were two of the conditions of his community supervision.

During a contentions cross-examination in which the prosecutor lodged numerous objections, defense counsel challenged the supervisor's lack of personal knowledge of the case and questioned the Department's procedures. Counsel also emphasized the Department's lack of attention to Appellant's schizophrenia in supervising him. At one point, defense counsel was placed in custody and threatened with contempt by the trial court for attacking the witness. When defense counsel explained it was not his intention to attack the witness, the trial court warned "if you smirk at me again, you're going to find

---

[5] Appellant's former supervising officers were no longer with the department.

out how 180 days is in the county jail." Cross-examination continued and defense counsel sought testimony from the witness on alternatives to incarceration.

After the State rested, defense counsel conceded Appellant has a drug issue and severe mental health issues. Again, claiming he was denied relevant discovery, he chose not to present any witnesses to dispute the State's evidence.

The trial court ruled Appellant had violated two conditions of community supervision—failure to enroll and complete BIPP and failure to complete a substance abuse evaluation. During the punishment phase, the State noted the seriousness of the underlying assault family violence convictions and requested the maximum punishment of ten years. Defense counsel argued for an alternative to incarceration such as Substance Abuse Felony Punishment (SAFP) or Intermediate Sanction Facility (ISF), which are treatment programs. The trial court sentenced Appellant to ten years in each case and a $750 fine and ordered the sentences to run concurrently.

## STANDARD OF REVIEW

When reviewing an order revoking community supervision, the appellate standard of review is whether the trial court abused its discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). In a revocation proceeding, the State must prove by a preponderance of the evidence that a defendant violated a condition of community supervision as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In a revocation context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated

5

a condition of his [community supervision]." *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 764). The trial court abuses its discretion in revoking community supervision if, as to every ground alleged, the State fails to meet its burden of proof. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex. Crim. App. 1984). Proof of a single violation is sufficient to support revocation. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). The trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Hacker*, 389 S.W.3d at 865. In a revocation proceeding, the trial court has discretion to revoke community supervision when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012).

## ANALYSIS

By the *Anders* brief, counsel recites he reviewed the proceedings and concludes there are no due process concerns. He notes the evidence in support of the trial court's ruling was undisputed. He also evaluates defense counsel's effectiveness given the "want of professionalism" but concedes it is insufficient under the *Strickland v. Washington*[6] standard to show any deficiency would have resulted in a different outcome given the undisputed evidence.

---

[6] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984).

6

When we have an *Anders* brief by counsel and a pro se response by an appellant, we have two choices. We may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues. *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991)).

We too have independently examined the records to determine whether there are any non-frivolous issues which might support these appeals. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford*, 813 S.W.2d at 511. We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record, counsel's brief, and pro se response, we agree with counsel there is no plausible basis for reversal of Appellant's convictions. *See Bledsoe*, 178 S.W.3d at 826–27.

## CONCLUSION

The trial court's judgments are affirmed and counsel's motion to withdraw is granted.

Alex Yarbrough
Justice

Do not publish.

Quinn, C.J., concurring in the result.